# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BEVERLY ANN MCKINNEY,

    Plaintiff,

v.

NATIONWIDE AFFINITY INSURANCE
COMPANY, ERIC GOETTLING, and
DARWIN SCHILTZ,

    Defendants.

Case No. 19-CV-2164-CM-TJJ

## **MEMORANDUM AND ORDER**

Plaintiff, proceeding pro se and in forma pauperis,[1] has filed a Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (ECF No. 4). For the reasons set forth below, the Court denies the motion.

Plaintiff filed this housing discrimination action on August 13, 2018. Plaintiff alleges Defendants breached their insurance contract after Plaintiff experienced water in her basement, resulting in loss and injury. On June 25, 2019, Defendant Nationwide Affinity Insurance Company of America and Defendants Eric Goettling and Darwin Shiltz filed motions to dismiss.[2] Defendants Goettling and Schiltz argue the Court does not have personal jurisdiction over them because of insufficient service of process and because Plaintiff failed to state a claim for relief. Defendant Nationwide argues Plaintiff failed to state a claim for relief.

While a defendant in a *criminal* action has a constitutional right to be represented by an attorney, it is well settled that a party in a *civil* action has no right to appointment of counsel.[3]

---

[1] *See* ECF No. 5.

[2] ECF Nos. 10 and 12.

[3] *Lee v. Crouse*, 284 F. Supp. 541, 543-44 (D. Kan. 1967) ("There is no absolute right to appointment of counsel in

The Tenth Circuit has adopted several factors for determining whether appointment of counsel is appropriate, including: "(1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel, and (3) meritorious allegations of discrimination."[4] In addition, a fourth factor, "plaintiff's capacity to present the case without counsel" should be considered in close cases as an aid in exercising discretion.[5] The Court must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel, therefore "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time."[6]

In considering these factors, Plaintiff has met the first two factors by showing an inability to pay for counsel and that she has made diligent, but unsuccessful, attempts to secure counsel on her own before requesting counsel. However, based on the allegations set forth in Plaintiff's complaint, it is unclear at this time that Plaintiff has asserted any meritorious allegations. Additionally, Defendants have filed motions to dismiss arguing Plaintiff has failed to state a claim. A court may decide to postpone the decision to appoint counsel until after the resolution of a dispositive motion "as a means of weeding out frivolous or unmeritorious cases."[7] At this time, based on the factors for appointment of counsel and the timing of Plaintiff's request (while

---

either habeas corpus or civil rights actions.").

[4] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

[5] *Id.*

[6] *Id.*

[7] *Lewis v. Frontier AG, Inc.*, No. 14-2010-JTM-GLR, 2014 WL 644970, at *2–3 (citing *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).

a dispositive motion is pending), Plaintiff's motion is denied. If it becomes apparent that appointed counsel is necessary as this case progresses, Plaintiff may renew her motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (ECF No. 4) is denied.

**IT IS SO ORDERED.**

Dated July 12, 2019, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge