# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BEVERLY ANN McKINNEY, )
)
        **Plaintiff,** )
)
v. )
) Case No. 19-02164-CM-TJJ
NATIONWIDE AFFINITY INSURANCE )
COMPANY, ERIC GOETTLING, and )
DARWIN SCHILTZ, )
)
        **Defendant.** )
)

## MEMORANDUM AND ORDER

This matter is before the court on two motions to dismiss: one joint motion by defendants Goettling and Schiltz ("individual defendants"), and one by defendant Nationwide Affinity Insurance Company ("Nationwide"). (Docs. 10; 12.) Individual defendants move to dismiss plaintiff's claim for improper service and under Rule 12(b)(6), while defendant Nationwide moves to dismiss plaintiff's claim only under Rule 12(b)(6). Plaintiff has not responded to defendants' motions despite the court providing additional time for her to file a response.

### I.    FACTUAL BACKGROUND

Pro se plaintiff Beverly Ann McKinney filed this housing discrimination action on March 28, 2019. On June 25, 2019, all defendants moved to dismiss. Plaintiff did not timely file a memorandum in opposition. The court ordered plaintiff to show cause or respond on or by October 18, 2019. Plaintiff has not responded, so the court will now rule on defendants' motions.

Plaintiff alleges damages resulting from delay in resolving her insurance claim for loss due to basement water damage on or about May 4, 2016. Plaintiff alleges: $100,000 for medical bills and

$40,000 for purchase of a vehicle to sleep in, due to mold; $152,000 for heating bills, to prevent her house's pipes from freezing; and $8,000 to complete her basement. (Doc. 1, at 5.)

Plaintiff provides the factual basis of her claim in the "Relief" section of the court's Civil Complaint form. (*Id.* at 3–4.) Plaintiff's recitation of facts shows that defendant Goettling denied coverage before reassigning her claim to defendant Schiltz. (*Id.*) Plaintiff alleges defendant Schiltz refused to perform a detailed inspection of the damage and offered plaintiff a check for $5,000 and additional payment of $150 for plumbing services. (*Id.* at 4.) Plaintiff states her claim was assigned to Michael Clay on August 23, 2016, and "[t]otal claim was covered made paid." (*Id.*)

## II. LEGAL STANDARDS

Individual defendants move for dismissal under Rules 12(b)(4), 12(b)(5), and 12(b)(6). Because individual defendants allege improper delivery of service, the court will address their jurisdictional arguments under Rule 12(b)(5).

### A. 12(b)(5)

In evaluating challenges to personal jurisdiction, the court assumes true all well-pleaded (plausible, non-conclusory, and non-speculative) facts alleged in plaintiff's complaint. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (citation omitted). A Rule 12(b)(4) motion constitutes "an objection to the form of process or the content of the summons," while a motion made under Rule 12(b)(5) "challenges the mode or lack of delivery of a summons and complaint." *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994) (citations omitted). A plaintiff must validly serve the defendant with process before the court can exercise personal jurisdiction over that defendant. *See Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit . . . ."). When a defendant

challenges service of process, the plaintiff has the burden of proving the sufficiency of service. *Ammon v. Kaplow*, 468 F. Supp. 1304, 1309 (D. Kan. 1979).

### B. 12(b)(6)

On a motion to dismiss under Rule 12(b)(6), the court assumes true all well-pleaded facts in the complaint, disregards all legal conclusions worded as factual allegations, and grants the plaintiff all reasonable inferences from the pleadings. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," not merely possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks omitted); *see Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). When a plaintiff proceeds pro se, the court construes his or her filings liberally, but does not assume the role of an advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. DISCUSSION

#### A. Individual Defendants' Motion

Under Federal Rule of Civil Procedure 4(e), an individual may be served by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Plaintiff attempted service by mailing documents to One Nationwide Gateway, Des Moines, IA 50391. (*See* Docs. 8; 9.) Individual defendants state that they are not currently employed by

Nationwide, did not work at this address when employed at Nationwide, and do not work or reside at this address. Defendants further state that the individual who signed for service at the Iowa address is not an agent of individual defendants. Because plaintiff's service does not comply with Rule 4(e)(2), the court turns to whether plaintiff has properly served individual defendants by any other means allowed by state law under Rule 4(e)(1).

Kansas allows individual service by return receipt certified mail to an individual or authorized agent. Kan. Stat. Ann. 60-304(a). A plaintiff must substantially comply with the service statute, and while service at defendant's place of business may suffice, a defendant's knowledge of the possibility of plaintiff's suit does not. *See Fisher v. DeCarvalho*, 314 P.3d 214, 218–20 (Kan. 2013) (discussing statutory history and "substantial compliance"); *Spiess v. Meyers*, 483 F. Supp. 2d 1082, 1095 (D. Kan. 2007) ("Defendants' knowledge of the suit by itself, however, is insufficient . . . .").

Plaintiff attempted service of individual defendants at an address that was not their former business address, and a non-agent of individual defendants accepted service. Because plaintiff's service on individual defendants does not substantially comply with Kansas law, service is insufficient under Rule 4(e)(1). Pursuant to Federal Rule of Civil Procedure 12(b)(5), the court dismisses individual defendants without prejudice for lack of personal jurisdiction due to insufficient service of process.

### B. Nationwide's Motion

Defendant Nationwide argues plaintiff's claim is insufficient because plaintiff appears to allege a breach of contract while also stating that her claim was covered and paid by defendant. Therefore, plaintiff simultaneously claims a breach and satisfaction of her insurance policy. The court agrees. Although plaintiff alleges jurisdiction based on Title VII and the Fair Housing Act, a liberal reading of plaintiff's complaint does not present allegations that state a plausible claim for relief under either law,

-5-

or for breach of contract.  Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff's claim should be dismissed.  However, because the court lacks the benefit of opposition briefing to prevent prejudice to plaintiff, the court alters its dismissal to operate without prejudice.  *See* Fed. R. Civ. P. 41(b).

**IT IS THEREFORE ORDERED** that individual defendants' motion to dismiss (Doc. 10) is granted.  Pursuant to Federal Rule of Civil Procedure 12(b)(5), defendants Goettling and Schiltz are dismissed without prejudice for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that defendant Nationwide's motion to dismiss (Doc. 12) is granted.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff's claims against defendant Nationwide are dismissed without prejudice.

The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.  The case is closed.

Dated this 25th day of October, 2019, at Kansas City, Kansas.

                                       **s/ Carlos Murguia**
                                       **CARLOS MURGUIA**
                                       **United States District Judge**